UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TEVIN CAGLE & GERALD ROBINSON,<br>    Plaintiffs, | : | CIVIL CASE NO.<br>3:24-cv-154 (JCH) |
| v. | : | |
| DURO-HILEX POLY, LLC,<br>    Defendant. | : | MARCH 5, 2026 |

**RULING ON MOTION FOR SUMMARY JUDGMENT (DOC. NO. 50)**

**I.    INTRODUCTION**

The plaintiffs, Tevin Cagle ("Mr. Cagle") and Gerald Robinson ("Mr. Robinson"), bring this suit alleging race discrimination, retaliation, and disability discrimination in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), General Statutes § 46a-60(b)(1), (b)(4), against their employer, Duro-Hilex Poly, LLC ("DHP"), a plastic and paper bag manufacturer. See generally, Amended Complaint ("Am. Compl.") (Doc. No. 48). The defendant, DHP, moved for summary judgment on all counts. Motion for Summary Judgment (Doc. No. 50). The court DENIES the Motion.

**II.    LEGAL STANDARD**

A motion for summary judgment may be granted only when the moving party can establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wright v. N.Y. State Dep't of Corr., 831 F.3d 64, 71-72 (2d Cir. 2016). If the moving party satisfies this burden, the nonmoving party must set forth specific facts demonstrating that there is indeed "a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). A genuine issue exists where

1

"the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Cross Com. Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016). Unsupported allegations do not create a material issue of fact and cannot overcome a properly supported motion for summary judgment. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). In assessing the record to determine whether there are disputed issues of material fact, the trial court must "resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought." LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 175 (2d Cir. 1995).

The CFEPA is generally coextensive with federal anti-discrimination law and the analysis of discrimination claims brought under CFEPA is the same as under Title VII. Gran v. TD Bank, NA, 204 F. Supp. 3d 446, 452 (D. Conn. 2016). Discrimination claims brought under CFEPA are reviewed using the burden-shifting framework developed by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Levy v. Comm'n on Hum. Rts. & Opportunities, 236 Conn. 96, 107-08 (1996).

### III. DISCUSSION

With respect to plaintiffs' race and color discrimination claims (Counts One through Four), plaintiffs bring those claims under both a theory of disparate treatment and hostile work environment. See Am. Compl. at ¶¶ 69-92. Material issues of fact exist as to whether plaintiffs can establish a prima facie case of race and color discrimination under CFEPA. Where an employer moves for summary judgment on the ground that there is an absence of evidence supporting an inference of discrimination, the plaintiff's burden of producing such evidence in opposition is de minimis. Goenaga

v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir.1995).  Mr. Cagle and Mr. Robinson have carried their burden.  Plaintiffs allege, inter alia, they were the only two African American employees during the relevant time period, that they were routinely referred to using terms that were racially disparaging, and that when plaintiffs complained about this behavior, no disciplinary action was taken.  See Plaintiffs' Objection to Defendant's Motion for Summary Judgment ("Opposition") (Doc. No. 55) at 2; see also, e.g., Exhibit 2, Cagle Deposition at 145-153 (recalling instances where plaintiffs were referred to as "angry black men" by their coworkers); Exhibit 3, Robinson Deposition at 164-166 (recalling instances where "angry black man" language was used in front of supervisors).  A triable issue of fact exists as to whether an inference of discriminatory intent exists.

The defendant argues alternatively that, even if plaintiffs can show an inference of discriminatory motive, plaintiffs otherwise fail to show that DHP's offered reasons for the adverse employment action at issue were pretextual.  As with the inference of discriminatory intent, the court concludes that triable issues of fact remain as to the question of pretext.  Under McDonnell Douglas, once a plaintiff establishes a prima facie case, the burden shifts to the employer to provide a legitimate, non-discriminatory reason for the adverse employment action.  411 U.S. at 804.  The burden then shifts back to the plaintiff to show that the reason offered by the employer was pretextual and that discrimination was the real reason for the employment action.  Id.  A material issue of fact exists as to whether DHP's claimed reason of insubordination was pretext in suspending Mr. Cagle and DHP's claimed reason of absenteeism was pretextual in terminating Mr. Robinson.  A reasonable jury could find that the events surrounding the

December 6, 2022 meeting between Mr. Cagle and his supervisors were designed to be inflammatory, cowing Mr. Cagle into silence out of fear of playing into the exact "angry black man" stereotype of which he was repeatedly accused and of which he was complaining to his supervisors.  See Cagle Deposition at 242:20-244:22 (recalling HR representative raising her voice at Mr. Cagle, Mr. Cagle leaving the meeting and believing that DHP was "trying" to fire him).  A reasonable jury could also find that the proffered reason of "excessive absenteeism" was pretextual in light of the temporal proximity between the termination and repeated complaints Robinson made regarding racial tension in the workplace.  Exhibit 3, Robinson Deposition at 189:1-6 (Mr. Robinson stating that he felt he was terminated because of his complaints concerning racial tension in the workplace).

      Material issues of fact also exist as to the plaintiffs' theory of a hostile work environment.  DHP challenges both the timeliness and the severity of the discriminatory conduct alleged.  In this case, both arguments fail at the summary judgment stage.  Under the continuing violation doctrine, Mr. Robinson and Mr. Cagle were repeatedly stereotyped as "angry black men" before and during the statutory period, and therefore that conduct can form the basis of their hostile work environment theory.  See Collins v. Fed. Express Corp., 731 F. Supp. 3d 368, 379 (D. Conn. 2024), aff'd, 2025 WL 1764809 (2d Cir. June 26, 2025) (stating that a plaintiff may establish the continuous violation doctrine for a hostile work environment where incidents of discrimination were allowed to go unremedied over the years).  As with their disparate treatment theory, a reasonable jury could find that repeated stereotyping as "angry black men" by their

predominantly non-Black colleagues could be sufficiently severe or pervasive to amount to a hostile work environment.

With respect to plaintiffs' retaliation claims (Counts Five and Six), plaintiffs allege a disparate treatment theory. Am. Compl. at ¶¶ 96-97; 101-02. The court adopts its analysis with respect to the disparate treatment theory in its discussion of race and color discrimination. See, supra, at Summary Judgment Ruling at 2-4. Material issues of fact remain as to whether DHP's reasons for the adverse employment actions (Mr. Cagle's suspension and Mr. Robinson's termination) were pretextual. As such, defendant's Motion for Summary Judgment as to Counts Five and Six is denied.

Finally, with respect to Mr. Cagle's disability discrimination claim (Count Seven), material issues of fact exist as to whether Mr. Cagle requested accommodations for his disability and whether DHP failed to accommodate Mr. Cagle's vision impairment in, e.g., failing to properly train him on his machine and refusing alleged accommodation requests related to font size in documents related to production. See Exhibit 2, Cagle Deposition at 267:15-271:13. For that reason alone, defendant's Motion for Summary Judgment as to Count Seven is also denied.

IV.     CONCLUSION

For the reasons stated above, the court denies DHP's Motion for Summary Judgment in its entirety.

**SO ORDERED**

Dated at New Haven, Connecticut this 5th day of March 2026.

                                            <u>/s/ Janet C. Hall</u>
                                            Janet C. Hall
                                            United States District Judge